UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STROH PROPERTIES, INC.,

       Plaintiff,                              CASE NO. 12-13219
                                                      HON. LAWRENCE P. ZATKOFF
v.

THE CITY OF DETROIT,
EGRO-STROH PROPERTIES LLC, and
KAP'S WHOLESALE FOOD SERVICE, INC.,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 20th day of February, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on a Motion to Dismiss filed by Defendants Egro-Stroh Properties LLC ("Egro") and Kap's Wholesale Food Service, Inc. ("Kap's") (Docket #11).  The Motion has been fully briefed.  The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments.  For the reasons that follow, the Motion to Dismiss filed by Egro and Kap's is granted in part and stayed in part.

## II. BACKGROUND

The following allegations are set forth in Plaintiff's First Amended Complaint and its brief in response to the Motion to Dismiss. For purposes of this Motion to Dismiss, the Court accepts as true all such allegations.

For more than 150 years, Maple Street was a public street within the boundaries of Defendant City of Detroit (the "City") in Wayne County. Both Plaintiff and Egro own parcels of real estate located on Maple Street ("Plaintiff Property" and "Egro/Kap's Property," respectively). On October 17, 2010, without any notice to or consultation with Plaintiff, Kap's directed its "transaction intermediary," Callewaert Marketing Services ("Callewaert"), to petition the City to "close a portion of Maple Street within the triangular block of Maple, Russell and Gratiot." The Plaintiff Property is located entirely within the same subdivision plats as the section of Maple Street designated in the petition.

According to Plaintiff, Kap's petition, known as "Petition 744," contained several material misrepresentations. First, Petition 744 suggested that the Plaintiff Property was unused based on a "small amount of graffiti spraying." Contrary to Kap's representations, which were made through its agent Callewaert, the Plaintiff Property was and is in use and is not vacant. The Plaintiff Property, which abuts Maple Street, was used for many years as a warehouse servicing the Stroh Brewery and the Stroh Ice Cream manufacturing plant (now the Egro/Kap's Property) and continues to be used as a warehouse for Plaintiff.

Second, Kap's, again through its agent Callewaert, represented to the City in Petition 744 that it had recently purchased the Egro/Kap's Property. But on October 17, 2010—the date of Petition 744—Kap's was not the record title holder of the Egro/Kap's Property. Rather, at that time,

Egro, and not Kap's, was the record title holder of the Egro/Kap's Property.  Third, in Petition 744, Kap's agent represented to the City that from the "PLC's [Public Lighting Commission] Maple Subdivision building west, there are several common wall buildings [*i.e.*, the Plaintiff Property], the backs of which face Maple." That is not the case, however, as the fronts of the buildings on the Plaintiff Property face Maple Street.

Plaintiff was not: (a) served with a copy of Petition 744 by the City, Kap's, or anyone else, (b) notified of the filing of Petition 744 by the City, Kap's or anyone else, or (c) notified of the vacation proceedings at any stage of the proceedings.  In reliance on the statements contained in Petition 744 and in violation of its own internal policies, the City vacated Maple Street by Resolution dated May 31, 2011.  As a result of the Resolution, Maple Street is currently a "private easement for utilities."  Plaintiff, without any notice whatsoever, now unwillingly bears partial responsibility for the maintenance and upkeep of Maple Street, as well as any liabilities arising out of it.

After the vacation of Maple Street, Defendants attempted to block public access to Maple Street by beginning construction of a cyclone fence, including the installation of fence posts on Plaintiff's side of the vacated Maple Street, without prior notice to, nor the consent of, Plaintiff.  It was not until the inadvertent discovery by Plaintiff on October 7, 2011, of the commencement of construction of the fence that Plaintiff became aware of the vacation of Maple Street.  Plaintiff immediately objected to such construction and Defendants ceased the installation of the fence.

After learning of the vacation of Maple Street, Plaintiff demanded that the City rescind its Resolution, but the City told Plaintiff that it cannot do so without a court order.  Plaintiff filed this

lawsuit seeking declaratory, injunctive, and equitable relief so that it may obtain the court order required by the City to rescind its resolution.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV.  ANALYSIS

**A.     Motion to Dismiss filed by Egro and Kap's**

*1.     First Amended Complaint Contains No Viable Claim Against Egro and Kap's[1]*

Egro and Kap's initial premise for dismissal of Plaintiff's cause of action is that Plaintiff's sole cause of action for violations of the Michigan and United States Constitutions fails because Plaintiff has not alleged that Egro or Kap's acted under the color of state law. In fact, in its response brief, Plaintiff acknowledges:

> Defendants [Egro and Kap's] are correct – in fact, [Plaintiff] has not attempted to state any constitutional claim against Defendants because they are not state actors nor, does it appear, did they act under color of state law.

Rather, Plaintiff states that it is seeking "only declaratory, injunctive, and equitable relief" against Egro and Kap's.

As Egro and Kap's contend, however, Plaintiff's desire for "declaratory, injunctive, and equitable relief" is not actionable. "It is not the remedy that supports the cause of action, but rather the cause of action that supports the remedy." *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96–97 (2005) (citation omitted). "It is well settled that an injunction is an equitable remedy, not an independent cause of action[,]" *i.e.*, injunctive relief is not a freestanding claim, but rather a form of relief. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008). Likewise, "a declaratory judgment action is a procedural device used to vindicate substantive rights." *Int'l Ass'n of Machinists and Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Equitable relief is, by its nature, a remedy rather than a cause of action. Therefore, as it is undisputed that the only possible

---

[1] The Court is presented only with the constitutional claim set forth in the First Amended Complaint. As such, the Court's analysis does not address whether there is, in fact, some viable claim that Plaintiff could assert against Egro/Kap's.

5

underlying cause of action asserted by Plaintiff (the alleged violation of the Michigan and/or United States Constitutions) is not viable against Egro and Kap's, the Court holds that the "declaratory, injunctive, and equitable relief" sought by Plaintiff is insufficient to establish a viable cause of action with respect to Egro or Kap's.

For the reasons stated above, the Court concludes that Plaintiff has failed to assert a viable cause of action against Egro or Kap's. Accordingly, the Court grants the Motion to Dismiss filed by Egro and Kap's insofar as they are not liable to Plaintiff with respect to any claims set forth in Plaintiff's First Amended Complaint.[2]

    *2.       Necessary Parties*

Notwithstanding the Court's analysis in Section IV.A.1., the Court's determination as to the need to retain Egro and Kap's as parties to this litigation is not complete. Relying on Federal Rule of Civil Procedure 19, Plaintiff contends that Egro and Kap's are necessary and proper parties to this lawsuit. Rule 19(a) provides:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person" absence, the court cannot accord complete relief among existing parties; or

---

[2]The Court notes that Plaintiff's brief in response to the Motion to Dismiss filed by Egro and Kap's did little more than argue why the constitutional claims Plaintiff asserted against the City were viable. The City did not, and has not, however, filed a motion to dismiss Plaintiff's First Amended Complaint. As such, the Court's ruling on the Motion to Dismiss filed by Egro and Kap's: (a) relates solely to the viability of Plaintiff's allegations against Egro and Kap's, and (b) has no bearing on, and in no way addresses or considers, the merits or viability of Plaintiff's allegations against the City.

>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In response to Plaintiff's Rule 19 argument, Egro and Kap's state:

> Because Plaintiff has not and cannot state a claim against Defendants [Egro and Kap's], all claims should be dismissed as to the Defendants. Contrary to Plaintiff's allegations, Rule 19 does not require Defendants to remain in the case. Rule 19 relates to the compulsory joinder of parties—it is an exception to the general rule that a plaintiff may decide which parties to name as defendants—it does not prohibit the dismissal of meritless claims against a defendant. *See* Fed. R. Civ. P. 19. ***The purpose of Rule 19 is to ensure that a case is not adjudicated in the absence of a party that has a strong interest in the dispute.*** *See* Wright & Miller, *Federal Practice & Procedure* § 1602. Ultimately, Rule 19 seeks to avoid "needless multiple litigation and . . . inconsistent obligations." *Id.* (quoting *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970)). In effect, Rule 19 protects defendants and promotes judicial economy—it does not allow Plaintiff to compel a defendant to remain in a lawsuit after all claims against it have been dismissed. *Sheldon v. Vilsack*, No. 11-10487, 2011 WL 6371289, at \*6 (E.D. Mich. Dec. 20, 2011). Because there are no pending causes of action against Defendants, they are not necessary parties to this action.

(emphasis added). The Court finds that Egro's and Kap's' response to Plaintiff's Rule 19 argument is misplaced. Rule 19 is not, as they suggest, solely a procedural mechanism for the compulsory joinder of necessary parties. Rather, a plaintiff may file suit against a necessary party in the first place, *i.e.*, at the time the complaint is filed. In this case, Plaintiff filed suit against Egro and Kap's when Plaintiff filed its Complaint. Plaintiff contends that Egro and Kap's are necessary parties insofar as the concerns set forth in Rule 19(a)(1)(A) and (B) exist with respect to the relief Plaintiff seeks in this matter. The Court finds that Egro's and Kap's' response to Plaintiff's Rule 19 argument fails to address whether this case can be "adjudicated in the absence of a party that has a

strong interest in the dispute," *i.e.,* whether: (1) this Court can "accord complete relief among the [remaining] parties [Plaintiff and the City]," in the absence of Egro and Kap's; and/or (2) Egro and/or Kap's have "an interest relating to the subject of the action and [are] so situated that disposing of the action in [their] absence" might impede or impair their ability to protect that interest or potentially subject the City or Plaintiff to additional obligation as a result of that interest. For purposes of this case, and any future proceedings that might result from the Court's consideration and rulings in this case, the Court concludes that it is critical that Egro's and Kap's' state for the record their position regarding whether they have such a strong interest in the adjudication of this matter that their participation in the proceedings is necessary to a fair and complete adjudication of the matter.

Accordingly, the Court hereby ORDERS Egro and Kap's to file with the Court, on or before February 28, 2013:

(1) their position as to whether this Court can "accord complete relief among" Plaintiff and the City if Egro and Kap's are dismissed from this case; and

(2) a declaration that clarifies whether each of Egro and Kap's: (a) has "an interest relating to the subject of th[is] action" such that disposing of this case in the absence of Egro and Kap's could or will result in an affirmation of the concern(s) set forth in part (i) or part (ii) of Rule 19(a)(1)(B).

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Egro and Kap's (Docket #11) is GRANTED IN PART and STAYED IN PART.

IT IS FURTHER ORDERED that Egro and Kap's shall file with the Court, on or before February 28, 2013:

(1)     their position as to whether this Court can "accord complete relief among" Plaintiff and the City if Egro and Kap's are dismissed from this case; and

(2)     a declaration that clarifies whether each of Egro and Kap's: (a) has "an interest relating to the subject of th[is] action" such that disposing of this case in the absence of Egro and Kap's could or will result in an affirmation of the concern(s) set forth in part (i) or part (ii) of Rule 19(a)(1)(B).

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 20, 2013