## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STROH PROPERTIES, INC.,

               Plaintiff,                                CASE NO. 12-13219
                                                HON. LAWRENCE P. ZATKOFF

v.

THE CITY OF DETROIT,
EGRO-STROH PROPERTIES LLC, and
KAP'S WHOLESALE FOOD SERVICE, INC.,

               Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 19th day of March, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

On February 20, 2013, the Court issued an Opinion and Order (Docket #20) granting

Defendants Egro-Stroh Properties LLC ("Egro") and Kap's Wholesale Food Service, Inc. ("Kap's")

Motion to Dismiss (Docket #11) insofar as the Court dismissed Plaintiff's claims against Egro and

Kap's.  The Court, however, also ordered Egro and Kap's to address whether they are necessary

parties with respect to the subject matter of this litigation by filing with the Court, on or before

February 28, 2013:

    (1)      their position as to whether this Court can "accord complete relief among"
             Plaintiff and the City if Egro and Kap's are dismissed from this case; and

    (2)      a declaration that clarifies whether each of Egro and Kap's: (a) has "an
             interest relating to the subject of th[is] action" such that disposing of this case

in the absence of Egro and Kap's could or will result in an affirmation of the concern(s) set forth in part (i) or part (ii) of Rule 19(a)(1)(B).

Egro and Kap's timely complied with the Court's order.

For the reasons set forth in the response filed by Egro and Kap's, many of which reasons were set forth by Plaintiff in its response to the Motion to Dismiss filed by Egro and Kap's, the Court finds that Egro and Kap's are necessary parties with respect to the subject matter of this litigation. Specifically, Egro and Kap's may have a legal ownership interest in a section of Maple Street in Detroit, a section that was a public street prior to it be converted to a private street by Defendant City of Detroit ("the City"). As Plaintiff seeks to have the City voluntarily or involuntarily restore that section of Maple Street to a public street, granting such relief would directly impact any legal ownership interest Egro and Kap's have to that section of Maple Street.

The Court also notes, as Egro and Kap's did in their response to the Court's order, that the position of the City changed from the time the City filed its answer to Plaintiff's Complaint and a time shortly after the Motion to Dismiss was briefed. As such, it appears that Egro and Kap's no longer have interests aligned with the City. That change also may affect the Court's ability to accord complete relief to Plaintiff and may impede or impair the interests of Egro and Kap's with respect to that section of Maple Street.

Accordingly, for the reasons set forth above, the Court concludes that Egro and Kap's are necessary parties to this cause of action. Therefore, the Motion to Dismiss filed by Egro and Kap's (Docket #11) is granted in part (for the reasons set forth in the February 20, 2013 Opinion and Order) and denied in part (for the reasons set forth in this Opinion and Order).

In light of the foregoing, including the apparent change of position by the City, the Court has determined that the interests of justice weigh heavily in favor of allowing any party (including Egro and Kap's) to amend its pleadings and/or file any additional claims or defenses with respect to the subject matter of this litigation. Therefore, the Court ORDERS that any party may amend its pleadings and/or file any additional claims or defenses with the respect to the subject matter of this litigation on or before April 19, 2013.

The Court also notes that the witness lists were to be exchanged by March 1, 2013 and the discovery cut-off was March 15, 2013. The parties have submitted a stipulated order that proposes to extend the current scheduling order dates by approximately 90 days. At this time, the Court shall not enter that proposed stipulated order. Instead, the Court ORDERS the parties to continue to engage in the discovery process until the April 19, 2013 deadline for amending pleadings and filing additional claims or defenses, but suspends all other deadlines at this time. Once the Court receives the parties' amended pleadings and/or additional claims or defenses, if any, the Court shall consider the need for additional discovery in this matter and re-set all of the scheduling order dates for this case.

Finally, in light of the foregoing, the Court hereby STAYS the consideration of, and ORDERS that there be no additional briefing with respect to, the Motion for Summary Judgment filed by Plaintiff (Docket #16), until further order of the Court.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2013