**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STROH PROPERTIES, INC.,

      Plaintiff,                           CASE NO. 12-13219
                                                     HON. LAWRENCE P. ZATKOFF

v.

THE CITY OF DETROIT,
EGRO-STROH PROPERTIES LLC, and
KAP'S WHOLESALE FOOD SERVICE, INC.,

      Defendants.[1]

_____/

**ORDER REGARDING CONSIDERATION OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 13th day of June, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On May 31, 2013, the Court ordered "the parties to advise the Court, in writing within ten days of this Order, whether, in light of all developments in this case, Plaintiff's motion for summary judgment should be decided at this time or whether the Court's consideration of such motion should be delayed until such time as discovery is complete." The parties timely complied. Plaintiff indicated that the Court should immediately resolve the pending motion for summary judgment. Defendant City of Detroit ("the City") filed a non-responsive document. Egro-Stroh Properties LLC

---

[1] On March 19, 2013, the Court granted a motion to dismiss filed by Egro-Stroh Properties LLC and Kap's Wholesale Food Service, Inc., each of whom was named as a defendant when Plaintiff filed its original Complaint. Subsequently, the Court found that the rights and duties of Egro-Stroh Properties LLC and Kap's Wholesale Food Service, Inc. may be affected by the resolution of this matter and held that they are both necessary parties to this matter.

and Kap's Wholesale Food Service, Inc. (collectively, "Egro/Kap's") contend that the Court's consideration of the motion for summary judgment should be delayed until discovery is complete. For the reasons that follow, the Court shall delay its consideration of the motion for summary judgment until discovery is complete.

As Egro/Kap's accurately set forth in their response to the Court's May 31, 2013 Order, the City has responded (and continues to respond) to this lawsuit with inconsistent positions, such that the City's responses make it unclear what happened with respect to the City's decision to privatize a portion of Maple Street in the City of Detroit. The Court also notes that Plaintiff has alleged that the City's decision-making was the result of fraud–with the suggestion that Egro/Kap's (and/or their agents) perpetuated or participated in the allegedly fraudulent conduct. The relief sought by Plaintiff, if granted, may also affect the rights and obligations of Egro/Kap's *vis a vis* the privatized section of Maple Street. For these reasons, the Court concludes that allowing the parties to conduct discovery for the period to which the parties stipulated would best promote the interests of justice in this case.

Accordingly, the Court shall delay its consideration of Plaintiff's pending motion for summary judgment until after the discovery period in this case has ended. Specifically, the Court shall not consider Plaintiff's pending motion for summary judgment until after the dispositive motion-cut off date has passed. Any party (Plaintiff or the City) may file a dispositive motion on or before the dispositive motion cut-off date. If no additional dispositive motions are filed, Egro/Kap's may file a supplemental brief in response to Plaintiff's pending summary judgment motion–and the City may file a response to Plaintiff's pending summary judgment motion–no later than 14 days after the dispositive motion cut-off date. In the event the City or Plaintiff files a

new–or, in the case of Plaintiff, files a renewed–motion for summary judgment, the other party and Egro/Kap's may file a new response brief no later than 14 days after the dispositive motion cut-off date. Finally, to the extent that any party wishes to file a reply to any supplemental brief or response filed in accord with the Court's directives above, such reply shall be filed no later than 7 days after such supplemental brief or response is filed.

    IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: June 13, 2013